UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARRETT MICHAEL McCOY,<br><br>           Plaintiff,<br><br>v.<br><br>BRANDON JARRASY; KELSEY SPATEN; MAKEYLA MARTINEZ; and SHELLY BARNEY, District 4 Probation and Parole Officers for Idaho, sued in their individual and official capacities,<br><br>           Defendants. | Case No. 1:24-cv-00455-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Garrett Michael McCoy is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *Initial Review Order*, Dkt. 8.

      Plaintiff has now filed an Amended Complaint, from which he has omitted several Defendants. *See* Dkt. 12. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on the Amended Complaint's Fourth

Amendment claims against Defendants Jarassy, Spaten, Martinez, and Barney, based on those Defendants' allegedly unconstitutional seizure of Plaintiff.

1.  **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2.  **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a "person" acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff claims that Defendants Brandon Jarassy, Kelsey Spaten, Makeyla Martinez, and Shelly Barney—all of whom are District 4 Probation and Parole Officers—unlawfully seized and handcuffed Plaintiff on July 2, 2024. *Am. Compl.* at 3–6. These Defendants allegedly did not have reason to suspect Plaintiff was engaged in criminal activity, nor did they have reason to suspect Plaintiff was armed or dangerous. Plaintiff claims he sustained an unidentified physical injury as a result of the seizure. *Id*. at 3.

Plaintiff was charged with a crime stemming from these events, but a state court later granted Plaintiff's motion to suppress the evidence found as a result of the seizure. *Id*. at 7. Plaintiff asserts that, at some point during the proceedings on those charges, Defendant Barney committed perjury. *Id*. at 5–6.

Plaintiff also claims that when he was placed in jail following his arrest, his medical prescription was changed without his consent. *Id*. at 4.

### A.     *Fourth Amendment Claim of Unlawful Seizure of Plaintiff's Person*

The Fourth Amendment "provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'" *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (quoting U.S. Const., amend. IV). "[T]he application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979). This inquiry "normally embraces two discrete questions. The first is whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy—whether ... the individual has shown that he seeks to preserve

something as private. The second question is whether the individual's subjective expectation of privacy is one that society is prepared to recognize as reasonable." *Id*. (internal quotation marks, citations, and alterations omitted).

A seizure of a person must be supported by probable cause. *Michigan v. Summers*, 452 U.S. 692, 700 (1981). Probable cause exists where the "facts and circumstances [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).

Here, Plaintiff claims that Defendants had no reason to believe Plaintiff was engaged in criminal activity or that he was armed or dangerous. A state court later held that the seizure was unconstitutional and suppressed the evidence found as a result of the seizure. These allegations are sufficient for Plaintiff to proceed on his Fourth Amendment claims against Defendants Jarassy, Spaten, Martinez, and Barney—in their individual capacities—for damages and injunctive relief.

However, Plaintiff's claims for monetary damages against these Defendants in their *official* capacities are implausible, because government officials "sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, Plaintiff's official capacity claims for damages must be dismissed.

### B. Claim of Perjury Against Defendant Barney

Plaintiff's claim that Defendant Barney committed perjury is implausible. Court witnesses are absolutely immune from liability for their testimony. *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015). Accordingly, Plaintiff's § 1983 claim that

Defendant Barney committed perjury must be dismissed.

### C. Due Process Claim of Inadequate Medical Treatment

Pretrial detainees have a right, under the Due Process Clause of the Fourteenth Amendment, to adequate medical treatment while detained. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). However, Plaintiff has not plausibly alleged that Defendants—who are all probation and parole officers—had any control over Plaintiff's jail medical treatment. Accordingly, Plaintiff's medical treatment claims are implausible.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful. Rather, it merely finds that some are plausible, meaning they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

appropriate vehicle for asserting procedural defenses such as entitlement to qualified immunity.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff may proceed on his Fourth Amendment unreasonable-seizure claims, for injunctive relief and monetary damages, against Defendants Jarassy, Spaten, Martinez, and Barney in their individual capacities. All other claims against all other Defendants are DISMISSED, and all Defendants other than Defendants Jarassy, Spaten, Martinez, and Barney are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend the complaint to assert such claims.[2]

2. Plaintiff's Motion to Submit Additional Pages as Evidence (Dkt. 15) is GRANTED IN PART, to the extent that the attached documents will be available on the docket in this case. The parties may cite to those documents in future submissions. The Court expresses no opinion at this time as to

---

[2] Any such amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

whether any of the attached documents are authentic or otherwise admissible in evidence.

3. The Clerk of Court is directed to forward four copies of the Amended Complaint (Dkt. 12), four summonses, and four copies of this Successive Review Order to the United States Marshal's Office, which is directed to serve Defendants **Brandon Jarassy, Kelsey Spaten, Makeyla Martinez, and Shelly Barney, each at the following address: 10221 W. Emerald St., Boise, Idaho, 83704.**

4. Unless otherwise ordered, the parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

5. Any amended pleadings must be submitted, along with a motion to amend, by the later of (a) 150 days after entry of this Order or (b) 150 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

6. Dispositive motions must be filed by the later of (a) 300 days after entry of this Order or (b) 300 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

7. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner

of service, date of service, address of service, and name of person upon whom service was made.

8. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

9. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

10. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the

moving party unfiled.

11. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

12. Pursuant to General Order 457, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: September 17, 2025

David C. Nye
Chief U.S. District Court Judge